March 29, 2024

LAUREN KW BRENNAN, ESQ.
1600 MARKET STREET
SUITE 2510
PHILADELPHIA, PA 19103
T: 215-735-8600
F: 215-940-8000
LBRENNAN@CONSUMERLAWFIRM.COM

*Via ECF*
Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: ***Nguyen-Wilhite v. Tapestry, Inc.*, No. 1:23-cv-3339**
**Plaintiff's Unopposed Letter Motion to Extend Deadlines**

Dear Judge Rochon,

My firm represents Plaintiff Huong Nguyen-Wilhite ("Plaintiff") in the above-referenced matter, and I write concerning the deadlines surrounding class discovery and the forthcoming motion for class certification, set in Your Honor's December 6, 2023 Order (ECF 41).

As this Court is aware from prior proceedings including on Plaintiff's letter motion to compel depositions (ECF 29), Plaintiff asserts that Defendant Tapestry, Inc. ("Tapestry") violates the Fair Credit Reporting Act ("FCRA") by taking adverse employment actions against consumers based upon consumer reports without first providing them with notice and a copy of the report as required by FCRA section 1681b(b)(3). Plaintiff's theory of the case is that candidates are "adjudicated" as ineligible for employment with Tapestry based upon the results of consumer reports, and as a result are immediately removed from hiring consideration, before any notice is sent. *See* Complaint at ECF 1-1, ¶¶ 13-23.

Plaintiff initially sought testimony from fact witnesses with knowledge concerning the systems within Tapestry that would show the timing and consequences of such adjudications. ECF 29. Following the Court's ruling on that dispute, and consistent with the Court's direction, Plaintiff took the depositions of four fact witnesses in February 2024, and took testimony concerning the details of how Tapestry receives the results of consumer reports scored by its vendor First Advantage Background Services Corp. ("First Advantage") and the systems in which the results of Tapestry's adjudications are recorded. Plaintiff then promptly followed up with targeted written discovery served on February 12, 2024, and a Notice of Deposition under Rule 30(b)(6) on the same date (collectively, the "Feb. 12 Requests"). Among those requests, Plaintiff seeks the number of individuals who were the subject of an adverse First Advantage report that was adjudicated by Tapestry, and who were sent a pre-adverse and adverse action letter.

Tapestry provided responses to Plaintiff's Feb. 12 Requests asserting certain objections, and without providing the requested information. The parties are in the process of meeting and conferring regarding these objections and the possibility of a supplemental response and production.

In addition, the parties are meeting and conferring regarding Plaintiff's Rule 30(b)(6) deposition notice, including Tapestry's proposal to designate some of the existing testimony as corporate testimony under Rule 30(b)(6), and the scope of the remaining topics.

Because the written discovery and testimony set forth above are central to class certification issues including numerosity, commonality, predominance, and superiority, and to give the parties the opportunity to resolve their outstanding discovery discussions without court intervention, and to schedule any further necessary testimony, Plaintiff submit that an extension of the existing deadlines is warranted.

The original due date for the close of class certification discovery was set for January 17, 2024, with anticipated cross-motions on class certification due February 14, 2024, oppositions due March 13, 2024, and reply briefs due March 27, 2024 (*see* ECF 24). Those deadlines were extended once, by joint letter motion (*see* ECF 39), which was granted. The current deadline for the close of class certification discovery is April 16, 2024, with cross-motions on class certification due May 14, 2024, oppositions due June 11, 2024, and replies due June 25, 2024 (*see* ECF 41). Plaintiff proposes that the existing deadlines be extended by 74 days.[1] Plaintiff considered requesting a shorter 60-day extension, but the resulting deadlines conflicted with pre-planned family vacations by counsel, as well as court-ordered hearings in other matters.

Plaintiff therefore respectfully requests that the deadlines be extended 74 days, which would reset the close of discovery on class certification issues to **June 28, 2024**, the deadline for anticipated cross-motions regarding class certification to **July 26, 2024**, with oppositions due on **August 23, 2024** and replies due by **September 13, 2024**.

The parties conferred regarding this request and Defendant does not oppose the requested extension of deadlines. Should the Court have any questions regarding the requests set forth above, we stand ready to respond.

Respectfully submitted,

Lauren KW Brennan

Cc: (via ECF)
All counsel of record

The request is **GRANTED**. The close of class certification discovery is **June 28, 2024**. The deadline for anticipated cross-motions regarding class certification is **July 26, 2024**, with oppositions due on **August 23, 2024**, and replies due by **September 13, 2024**.

**SO ORDERED.**

Dated: April 1, 2024
New York, New York

**JENNIFER L. ROCHON**
**United States District Judge**

[1] Plaintiff requests an extension of 81 days for the reply briefs, in light of the Labor Day holiday.