**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

July 30, 2024

**VIA ECF**

Honorable Jennifer L. Rochon
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Nguyen-Wilhite v. Tapestry, Inc.* (Case No. 1:23-cv-03339-JLR)

Dear Judge Rochon:

      We represent defendant Tapestry, Inc. ("Tapestry" or "Defendant") in the above-referenced action filed by Plaintiff Huong Thu Nguyen-Wilhite ("Plaintiff"). We write pursuant to Rule 4.B.iii of the Your Honor's Individual Rules of Practice to request that certain of Tapestry's internal business records, which Plaintiff requested to file as Exhibits 2, 5, 8, and 10 to her Motion for Class Certification (the "Motion"), be filed under seal.

      Pursuant to *Lugosch v. Pyramid Co. of Onondaga*, the Court is to engage in a three-part analysis to determine whether a document may be sealed. 435 F.3d 110, 119-20 (2d Cir. 2006) (holding that there is a presumed right of public access to judicial documents under common-law and the First Amendment). First, the Court is to determine whether the document subject to a sealing request qualifies as a "judicial document." *Id.* at 119. To be designated a "judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

      Second, once the Court determines that a document is a "judicial document", it must analyze the weight of the presumption that attaches. *Id.* This analysis is "'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995)). "'Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049).

      Third, after determining the weight of the presumption, the Court is to determine whether any countervailing factors or higher values outweigh the right of public access to that judicial document. *See id.* at 119-20. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure." *Id*. at 120 (quoting *Amodeo*, 71 F.3d at 1050).

      These three factors weigh in favor of Tapestry's request to seal its confidential business records. Counsel for Plaintiff conferred with the undersigned regarding confidential materials they plan to file in support of the Motion, and we agreed to narrow the scope of documents with

**SheppardMullin**

The Honorable Jennifer L. Rochon
Page 2

confidentiality designations from eight to four. The confidential documents Plaintiff requests to file in support of her Motion include DEF0000208 (Exhibit 2), DEF0000019-20 (Exhibit 5), DEF0000070-72 (Exhibit 8), and DEF0000164-73 (Exhibit 10). These documents are confidential, internal business records and should be filed under seal because they are of high value to Tapestry, thus outweighing the right to public access.

It is well established in the Second Circuit that business information and records may be filed under seal where there is a showing of higher values warranting the sealing. *See Amodeo*, 71 F.3d at 1051; *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); *Whittaker v. MHR Fund Mgmt. LLC*, No. 20-CV7599, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021); *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-04762, 2022 WL 1450737, at *2 (S.D.N.Y. May 9, 2022). Here, Tapestry's business records reflect its internal procedure for conducting background checks and its internal analysis of Plaintiff's records, including in its internal systems. This is "sensitive" and "competitive" business information of high value outweighing the public's right to their access. *See Whittaker*, 2021 WL 4441524, at *2. Accordingly, these documents should be sealed.

We thank the Court for its consideration of this matter. Should the Court have any questions, please do not hesitate to contact us.

Respectfully submitted,

*/s/ Brian D. Murphy*

Brian D. Murphy

cc:   All Counsel of Record (via ECF)

Defendant's request is DENIED. The documents that Defendant seeks to seal are judicial documents that were submitted and considered for purposes of the pending motion for class certification. Defendant asserts that the sealed Exhibits contain "sensitive" and "competitive" business information, Dkt. 51 at 2, but "has not alleged any specific harm it would suffer if the information in the Exhibit[s] [are] made public," *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19-cv-10104 (AJN) (KHP), 2022 WL 2116686, at *2 (S.D.N.Y. June 13, 2022), especially since much of the contents of the documents are described or even quoted in the briefs filed by the parties. Moreover, the request is "not narrowly tailored" — "Defendant requests to seal the entire exhibit[s]" rather than "propose limited redactions of only the commercially sensitive information." *Id.*; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values *and is narrowly tailored to serve that interest.*" (emphasis added) (citation omitted)).

The parties shall file on the docket publicly available versions of the sealed exhibits by February 14, 2025. The parties may redact any personally identifiable information such as phone numbers, email addresses, and/or physical addresses. *See generally In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-02542 (VSB), 2023 WL 196134 (S.D.N.Y. Jan. 17, 2023).

The Clerk of Court is respectfully directed to terminate the pending motions at Dkts. 49, 51, and 57.

Dated: February 10, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
_____
**JENNIFER L. ROCHON**
**United States District Judge**